IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § § | **CRIMINAL NO. 4:16-CR-11-MAC-KPJ-6** |
| **CORNELIUS BERRY (6)** | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Cornelius Berry's ("Defendant") letter, which the Court construes as a motion to correct an error in the judgment (the "Motion") (Dkt. 470). In the Motion (Dkt. 470), Defendant asks the Court to amend the Judgment (Dkt. 270) to accurately reflect his plea agreement. *See* Dkt. 470 at 1. The Government filed a response (Dkt. 473) (the "Response"), wherein it "does not object to the correction of the judgment." Dkt. 473 at 1. Pursuant to 28 U.S.C. § 636(b)(1)(A) and E.D. TEX. CRIM. R. 59(d), the Motion (Dkt. 470) was referred to the undersigned for a Report and Recommendation. *See* Dkt. 475. For the reasons that follow, the Court recommends the Motion (Dkt. 470) be **GRANTED**.

**I.     BACKGROUND**

On February 11, 2016, a grand jury indicted Defendant for conspiracy to possess and distribute marijuana and cocaine. *See* Dkt. 1 at 2. Pursuant to a plea agreement, *see* Dkt. 168, Defendant stipulated that he "and one or more persons . . . made an agreement . . . to knowingly and intentionally possess with the intent to distribute 1,000 kilograms or more of a mixture of substance containing a detectable amount of marijuana." Dkt. 268. Notably missing from his stipulation was any reference to cocaine. *See generally id.* On August 2, 2016, the Court accepted Defendant's guilty plea and adjudged him guilty of the charged offense. Dkt. 173. However, the

1

Judgment (Dkt. 270) that followed reflected that Defendant was adjudicated guilty of "Conspiracy To Possess With The Intent To Distribute and Distribution Of Marijuana *and Cocaine*." Dkt. 270 (emphasis added).

On December 6, 2021, Defendant filed the Motion (Dkt. 470), which was referred to the undersigned on May 11, 2022. Dkt. 475. In the Motion (Dkt. 470), Defendant requests that the Judgment (Dkt. 270) be amended to exclude any reference to cocaine. *See* Dkt. 470 at 1–2. In its Response (Dkt. 473), the Government admits that Defendant is "correct" and "does not object to the correction of the judgment." Dkt. 473 at 1.

## II.    LEGAL ANALYSIS

Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment." FED. R. CRIM. P. 36. A clerical error exists when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995)) (internal quotation marks omitted). In other words, if "an issue was actually litigated and decided but was incorrectly recorded in . . . the judgment, the district court can correct the judgment under Rule 36." *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzales*, 840 F.3d 240, 247 (5th Cir. 2016)) (cleaned up). Particularly relevant here, "where a 'judgment refers to the offense of conviction' as one offense, but 'the record indicates that [the defendant] pleaded guilty to' another offense, that 'reflects a clerical error in the written judgment.'" *United States v. Brune*, 991 F.3d 652, 664 n.39 (5th Cir. 2021) (alteration in original) (quoting *United States v. McCoy*, 819 F. App'x 262, 262 (5th Cir. 2020) (per curiam)). In such circumstances, the district court has "statutory authority to correct its clerical error." *Id.*

Here, Defendant pled guilty to count one of the Indictment (Dkt. 1). *See* Dkt. 166. While the Indictment (Dkt. 1) charged Defendant with conspiracy to possess and distribute "marijuana" and "cocaine," the factual basis supporting the plea made no mention of cocaine. *See generally* Dkt. 268. It appears that the Judgment's (Dkt. 270) reference to cocaine was a scrivener's error. That is, the language of the Indictment (Dkt. 1) was mistakenly incorporated into the Judgment (Dkt. 270). Such a "clerical error" is squarely addressed by Rule 36. FED. R. CRIM. P. 36. Therefore, the Court recommends that the error in the Judgment (Dkt. 270) be corrected such that any reference to cocaine is eliminated.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 470) be **GRANTED**.

The Court further recommends that the Judgment (Dkt. 470) be amended to read as follows: "21:846 Conspiracy To Possess With The Intent To Distribute and Distribution Of Marijuana."

The Court further recommends that a copy of the amended judgment be mailed to Defendant via certified mail return receipt requested at the following address:

FCI El Reno
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in

this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 19th day of September, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE