**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:16-CR-11 (6) |
| | § | |
| CORNELIUS BERRY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Cornelius Berry's ("Berry") *pro se* letter motion (#470), wherein Berry requests that the court amend the Judgment in his case to remove any reference to "cocaine." Also pending before the court is United Stated Magistrate Judge Kimberly C. Priest Johnson's Report and Recommendation (#476), recommending the court grant Berry's Motion. Having considered the Motion, the Report and Recommendation, the record, and the applicable law, the court is of the opinion that Berry's motion should be denied.

I.     Background

On February 11, 2016, a federal grand jury in the Eastern District of Texas returned a three-count Indictment, naming Berry and nine codefendants. The Indictment charged Berry and his nine codefendants in Count One with conspiracy to "possess with the intent to distribute and distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana and five kilograms or more of a mixture or substance containing a detectable amount of cocaine," in violation of 21 U.S.C. § 846. Berry was not charged in Count Two (Conspiracy to Commit Money Laundering) or Count Three (Continuing Criminal Enterprise). The Government did not seek a superseding indictment or file an information as to Berry.

On July 28, 2016, a change of plea hearing was held before former United States Magistrate Judge Don D. Bush, during which the parties informed the court that they had reached

a plea agreement.  The written plea agreement, which Berry signed, specified that Berry "agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Cocaine and/or Marijuana" (#168).  The Elements of the Offense stated, "In this case Berry is charged with conspiring to possess with intent to distribute a controlled substance or controlled substances" (#130).  The first element provided, "That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance or controlled substances."  The Factual Basis in support of Berry's plea of guilty to Count One of the Indictment stated, "Berry and one or more persons in some way or manner made an agreement to commit the crime charged in the Indictment, to knowingly and intentionally possess with the intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana," but did not make any mention of cocaine (#169).

During the plea hearing, after the prosecutor summarized the Factual Basis on the record, Judge Bush and the parties clarified that the overall scope of the conspiracy involved at least 3,000 kilograms, but less than 10,000 kilograms, of a mixture or substance containing marijuana, and that Berry knew or reasonably should have known that the conspiracy involved at least 3,000 but less than 10,000 kilograms of marijuana.  Cocaine was not referenced.

While there was no discussion of cocaine on the record during the change of plea hearing, in his Findings of Fact and Recommendation on Guilty Plea, Judge Bush stated that Count One of the Indictment charges that "Berry did knowingly and intentionally conspire to possess with intent to manufacture and distribute Marijuana and Cocaine, in violation of 21 U.S.C. § 846," and recommended that the court accept Berry's plea of guilty to Count One (#172).  There were no

2

objections filed to the report.  On August 2, 2016, the undersigned entered an Order Adopting Judge Bush's report, adjudging Berry "guilty of the charged offense under Title 21, United States Code, Section 846" (#173).

On December 6, 2016, Probation and Pretrial Services filed its Final Presentence Investigation Report ("PSR"), the cover page of which summarizes Count One as "Conspiracy to Possess with the Intent to Distribute 1,000 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Marijuana" (#229).  Paragraph 1 of the PSR, however, states:

> The defendant was only named in Count 1, which charges him with Conspiracy to Possess with the Intent to Distribute and Distribute 1,000 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Marijuana and 5 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 846.

Moreover, the PSR notes that Berry was identified as being involved in the Serrato Drug Trafficking Organization ("DTO"), which was "responsible for importing multi-ton quantities of marijuana and multi-kilogram quantities of cocaine from Mexico to various cities throughout the United States for a period of more than 10 years," although "no evidence was provided that Berry possessed cocaine."[1]  Paragraph 14 of the PSR makes clear that the calculation of Berry's base offense level was derived from the amount of marijuana he stipulated to possessing—3,000 to 10,000 kilograms.  Accordingly, Berry was not held responsible for any amount of cocaine in

---

[1] The PSR states that Alejandro Castillo Serrato ("Serrato") was the head of a Dallas, Texas, based drug trafficking cell, referred to in the PSR as the Serrato DTO, and that Berry purchased marijuana from Serrato.

connection with the offense of conviction.[2]  The sole objection to the PSR was Berry's objection to the calculation of criminal history points for a prior conviction.[3]

On January 11, 2017, the undersigned conducted a sentencing hearing, wherein the court sentenced Berry to 188 months' imprisonment, to be followed by a 5-year term of supervised release.  During the sentencing hearing, the undersigned did not specify the exact offense of conviction, but noted that Berry was being sentenced as a result of his plea of guilty to "Count One of the Indictment," and that the sentence was reasonable in light of "Defendant's participation in a drug trafficking conspiracy involving the distribution [of] between 3,000 and 10,000 kilograms of marijuana," among other factors.  As previously observed, Berry's guideline range and sentence were calculated based solely on the amount of marijuana to which Berry stipulated possessing.  The written Judgment states that Berry was convicted of Count One of the Indictment, "Conspiracy to Possess With The Intent To Distribute and Distribution of Marijuana and Cocaine" (#270).

More than four years elapsed from the date Berry's sentence was imposed and the time he filed his letter motion, wherein—for the first time—Berry requests that the Judgment be amended

---

[2] Berry's criminal history score of 11 includes 3 points for a conviction dated March 8, 2004, for Possession of a Controlled Substance in Kauffman County, Texas.  The PSR describes the offense as including "a large amount of cocaine" as well as "an unknown amount of marijuana."

[3] Berry objected to paragraph 29 of the PSR.  Paragraph 29 details a prior conviction for Evading Arrest, for which Berry was assessed 2 criminal history points.  Paragraph 30 discusses a prior conviction for Possession of Marijuana, which incurred an additional 3 criminal history points.  Berry objected to the receipt of 2 criminal history points for the crime in paragraph 29 on the basis that his arrest for the offenses in paragraphs 29 and 30 occurred on the same date and derived from the same transaction, and thus, Berry asserted he should not receive criminal history points for each offense.  The probation officer's response explains that while these offenses occurred on the same day, they were charged separately and sentenced on different dates, and thus, were properly counted separately under U.S.S.G. §§ 4A1.1(b) and 4A1.2(a)(2).  The court ultimately overruled the objection at the sentencing hearing.

4

to exclude any reference to cocaine.  The Government filed a response indicating that it "does not object to the correction of the judgment" (#473).  On May 11, 2022, the undersigned referred Berry's motion to United Stated Magistrate Judge Kimberly C. Priest Johnson for consideration (#475).  On September 19, 2023, Judge Johnson entered a Report and Recommendation, recommending that Berry's motion be granted pursuant to Federal Rule of Criminal Procedure 36 (#476).  No objections have been filed to Judge Johnson's report.

II.   Standard of Review

Where there are no objections to a Magistrate Judge's Report and Recommendation, a District Court is to apply "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989); *see* 28 U.S.C. § 636(b); FED. R. CIV. P. 72 advisory committee's note to 1983 amendment; *see, e.g., Castaneda v. Rosales*, No. EP-22-CV-283-KC, 2023 WL 5473886, at *3 (W.D. Tex. Aug. 24, 2023) ("A party who files timely written objections to a magistrate judge's report is entitled to a 'de novo' review of those portions of the report to which the party objects. . . . .  As to other portions of the report or when a party does not file written objections, the Court applies a 'clearly erroneous, abuse of discretion and contrary to law' standard of review.").  "A finding 'is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Burns v. Nielsen*, 456 F. Supp. 3d 807, 818 (W.D. Tex. 2020) (quoting *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015)).  Here, no objections were filed; therefore, the "clearly erroneous, abuse of discretion and contrary to law" standard of review applies.  *Wilson*, 864 F.2d at 1221.

III.    <u>Analysis</u>

While Berry's motion does not identify a basis for modifying the judgment, in its response to Berry's motion, the Government suggests that the court "should construe Berry's letter as a motion to correct a clerical error in the judgment under FED. R. CIV. P. 36."  Indeed, Judge Johnson's Report and Recommendation relies on Federal Rule of Criminal Procedure 36, stating, "It appears that the Judgment's (Dkt. 270) reference to cocaine was a scrivener's error.  That is, the language of the Indictment (Dkt. 1) was mistakenly incorporated into the Judgment (Dkt. 270)."  The court notes that Rule 36 appears to be the only potential avenue for Berry to seek a revision to the Judgment, as he is not seeking to modify his term of imprisonment.[4]

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *see United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023).  "[T]he purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)), *cert. denied*, 141 S. Ct. 1715 (2021); *accord United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Phillips*, No. 13-286, 2022 WL 17415077, at *2 (E.D. La. Dec. 5, 2022).  "A clerical error occurs when the court intends to do one thing, but through clerical mistake or oversight does another." *United States v. Hathorn*, 551

---

[4] "[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008).  In contrast, 18 U.S.C. § 3582 specifies when the district court may modify a previously imposed *term of imprisonment*.

F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).   "'Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36."   *Cooper*, 979 F.3d at 1089 (quoting *Ramirez-Gonzalez*, 840 F.3d at 247).   "Rule 36 does not cover deliberate drafting choices."  *Id.*; *Ramirez-Gonzalez*, 840 F.3d at 247.   Moreover, Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correct[ion] of 'errors made by the court itself.'"  *Phillips*, 2022 WL 17415077, at *2 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *accord United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993); *United States v. Middleton*, No. 6:16-56-s-9, 2022 WL 15089909, at *2 (S.D. Tex. Oct. 25, 2022).[5]

Here, the Judgment states that Berry was convicted of Count One, "Conspiracy to Possess With The Intent To Distribute and Distribution of Marijuana and Cocaine."   The Judgment accurately reflects the offense as charged in Count One of the Indictment and as stated in Judge Bush's Findings of Fact and Recommendation on Guilty Plea, which the undersigned adopted. Further, the written plea agreement, signed by Berry, describes the charge as "Conspiracy to Possess with Intent to Distribute Cocaine and/or Marijuana."   Significantly, there is no discrepancy between the court's oral pronouncement and the written Judgment.  *See Spencer*, 513 F.3d at 491; *Werber*, 51 F.3d at 347.   The record in this case does not demonstrate that "the issue was litigated and decided but was incorrectly recorded in or inadvertently omitted from the

---

[5] "That is not to say, however, that a court cannot correct an error in the oral sentence itself, where the error appears clearly and unambiguously on the face of the record, and is nothing more than a slip of the tongue.  Rule 36 could apply where, for example, the court misstates the section under which the defendant was convicted, misidentifies the pertinent count in imposing a statutory minimum, or reads the defendant's name incorrectly."  *Werber*, 51 F.3d at 347 n.13.

judgment." *United States v. Owens*, No. 23-20093, 2024 WL 1134718, at *2 (5th Cir. Mar. 15, 2024) (quoting *Ramirez-Gonzalez*, 840 F.3d at 247); *see United States v. Roth*, 359 F. App'x 453, 454 (5th Cir. 2009) (explaining that the defendant's argument that "the judgment does not reflect the court's intent to apply U.S.S.G § 5G1.3(b) is misplaced because no mention of this guideline was made at sentencing, so there is no evidence that the court intended for it to have any effect on the sentence"). This is not a case where the court intended to do one thing, but through clerical mistake or oversight did another. *See Roth*, 359 F. App'x at 454 ("Nothing in the record establishes that the district court's judgment did not accurately reflect its intent. The judgment does not contradict anything that the judge said at the sentencing hearing."). In short, no clerical error was made on the written Judgment. *Cf. United States v. McCoy*, 819 F. App'x 262, 262 (5th Cir. 2020) (remanding for correction of a written judgment that referred to the offense of conviction as "conspiracy to possess with intent to distribute a controlled substance," rather than the indicted offense to which the defendants pleaded—"conspiracy to distribute a controlled substance"); *Mackay*, 757 F.3d 195 (remanding for correction of clerical error in defendant's PSR which erroneously listed his offense as conspiracy to possess with intent to distribute, and distribution of, "cocaine"—rather than "marijuana"). The Judgment accurately reflects the charge in the Indictment upon which he was convicted—"conspiracy to possess with the intent to distribute and distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846." The overall scope of the conspiracy involved both drugs, yet Berry's punishment was based only on the amount of marijuana

attributable to his activities in furtherance of the conspiracy.  Thus, Berry has no viable grounds upon which to modify the Judgment.

IV.   Conclusion

Accordingly, the court declines to adopt Judge Johnson's Report and Recommendation (#476).  Berry's *pro se* letter motion (#470) is DENIED.

SIGNED at Beaumont, Texas, this 26th day of March, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE